# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NYUTU K. WOODS,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:13-cv-01333-RFB-GWF

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. ECF No. 13.

**I. Procedural History**

On May 3, 2001, in Clark County, Nevada, Petitioner was charged in a criminal complaint with sexual assault on a minor under the age of 14. Exhibit 3.[1] Petitioner unconditionally waived his preliminary hearing. Exhibit 5. On September 5, 2001, in the Eighth Judicial District Court for the State of Nevada, Petitioner was charged by information with sexual assault on a minor under 14 years of age. Exhibit 10.

On April 18, 2002, the State filed an amended information charging Petitioner with sexual assault on a minor under the age of 16 years and lewdness with a child under the age of 14 years.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 14–18.

Exhibit 13. Petitioner executed a guilty plea agreement in which he agreed to plead guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970),[2] to sexual assault on a minor under the age of 16 years ("Count I"), and lewdness with a child under the age of 14 years ("Count II"). (Exhibit 14). The State retained the right to argue at sentencing and the parties stipulated that on Count I, Petitioner would be sentenced to 20 years with parole eligibility beginning after 5 years had been served, and on Count II, Petitioner would be sentenced to 20 years with parole eligibility beginning after 3 years had been served. Id. The parties stipulated that Count II would run consecutive to Count I. Id. In open court, on April 18, 2002, Petitioner pled guilty to sexual assault on a minor under the age of 16 years (Count I) and lewdness with a child under the age of 14 years (Count II); the state district court accepted Petitioner's plea. Exhibit 15.

Petitioner filed a motion to withdraw his attorney of record and a motion to appoint new counsel to pursue a possible withdrawal of plea. Exhibit 16. The state district court granted the motion to appoint new counsel. Exhibit 17 at 3–4. The state district court appointed Petitioner new counsel. Exhibit 19. In seeking to withdraw his plea, Petitioner argued that he had not known of the DNA test results at the time of the plea—the test results did not show the presence of Petitioner's sperm from the victim's rape kit. Exhibit 22 at 3–4. At a hearing on July 25, 2002, the state district court denied Petitioner's motion to withdraw his guilty plea. Exhibit 22.

In a sentencing hearing on August 29, 2002, the state district court sentenced Petitioner to a term of 60–240 months on Count I and a consecutive term of 36–240 months on Count II. Exhibit 23. A judgment of conviction, reflecting the two convictions and the district court's sentences, was filed on September 6, 2002. Exhibit 24.

Petitioner appealed from his judgment of conviction. Exhibit 25. On January 28, 2003, the Nevada Supreme Court affirmed the conviction. Exhibit 37. Remittitur issued on February 25, 2003. Exhibit 39.

---

[2] In Nevada, a plea entered pursuant to Alford constitutes a plea of nolo contendere, in which the defendant maintains his innocence but authorizes the district court to treat him as if he were guilty. See State v. Gomes, 112 Nev. 1473, 1479, 930 F.3d 701, 705 (1996).

On December 11, 2003, Petitioner filed, through counsel, a post-conviction habeas corpus petition in the state district court. Exhibit 44. The State opposed the petition. The state district court scheduled an evidentiary hearing for April 29, 2004. Exhibit 9 at 12; Exhibit 63 at 2. On April 29, 2004, Petitioner, through his counsel, withdrew his post-conviction habeas petition. Id. In withdrawing the state petition, Petitioner's counsel informed the state district court that Petitioner had admitted to him that he knew of the DNA results prior to the time he entered his guilty plea. Id.

On April 17, 2006, Petitioner, acting in *pro per*, filed a second post-conviction habeas petition in the state district court. Exhibit 50. The State opposed and moved to dismiss the petition. Exhibit 53. On June 22, 2006, the state district court denied the petition as untimely pursuant to NRS 34.726. Exhibit 54. Petitioner appealed, and on October 23, 2006, the Nevada Supreme Court affirmed the state district court's denial of the petition as untimely. Exhibit 63. The Nevada Supreme Court ruled, on separate and independent grounds, that Petitioner's claims lacked merit. Exhibit 63 at 3–4. Remittitur issued on November 17, 2006. Exhibit 66.

By order filed May 11, 2011, the Nevada Supreme Court dismissed two appeals that were based on notices of appeal filed by Petitioner in *pro per*, in the Eighth Judicial District Court. The Nevada Supreme Court's order of dismissal indicated that Petitioner did not challenge an appealable order. Exhibit 95. Remittitur issued on August 10, 2011. Exhibit 117.

On May 26, 2011, Petitioner filed a notice of appeal, stating that he wanted to "appeal motion to overturn my conviction." Exhibit 98. On August 5, 2011, the Nevada Supreme Court dismissed Petitioner's appeal because Petitioner attempted to appeal where there was no appealable order. Exhibit 114. Remittitur issued on August 30, 2011. Exhibit 118.

On November 7, 2011, Petitioner filed a motion to appoint counsel in his criminal case. Exhibit 123. On December 14, 2011, the state district court denied Petitioner's motion to appoint counsel. Exhibit 125. On January 18, 2012, Petitioner filed a notice of appeal from the state district court's order denying his motion to appoint counsel. Exhibit 129. On February 27, 2012, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. Exhibit 134. Remittitur issued on March 23, 2012. Exhibit 138.

On June 11, 2012, Petitioner filed a motion to modify or correct an illegal sentence in which he claimed that he was actually innocent, his counsel was ineffective, and his guilty plea was invalid. Exhibit 144. On July 12, 2012, Petitioner filed a notice of appeal regarding his motion to modify or correct an illegal sentence. Exhibit 147. The state district court's order denying the motion to modify or correct an illegal sentence was subsequently filed on July 17, 2012. Exhibit 153. On February 13, 2013, the Nevada Supreme Court denied Petitioner's appeal. Exhibit 162. Remittitur issued on March 11, 2013. Exhibit 163.

Petitioner dispatched his federal habeas petition to this Court on July 19, 2013. ECF No. 5 at 1, item 5. Respondents have filed a motion to dismiss the petition. ECF No. 13. Petitioner opposed the motion to dismiss. ECF No. 19. Respondents filed a reply to Petitioner's opposition. ECF No. 20.

**II. Discussion**

Respondents assert that the federal petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the federal habeas corpus statute provides

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1. Where a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of certiorari. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for federal habeas relief, with tolling of the time for filing during the pendency of a properly-filed application for State post-conviction relief or other collateral review regarding the same conviction. 28 U.S.C. § 2244(d).

In the instant case, the judgment of conviction was entered on September 6, 2002. Exhibit 24. The Nevada Supreme Court's order of affirmance on direct review was filed on January 28, 2003. Exhibit 37. Remittitur issued on February 25, 2003. Exhibit 39. Because Petitioner did not file a petition for writ of certiorari to the United States Supreme Court, his conviction became final on May 26, 2003, which is ninety days after the Nevada Supreme Court's issuance of remittitur from the direct appeal. The AEDPA statute of limitations began to run on May 27, 2003.

On December 11, 2003, when Petitioner filed his first post-conviction state habeas petition, 198 days of untolled time for filing a federal petition had elapsed. Exhibit 44. The AEDPA limitations

period was statutorily tolled while Petitioner's first post-conviction state habeas petition was pending. The period of statutory tolling under 28 U.S.C. § 2244(d)(2) ended when Petitioner withdrew his first post-conviction state habeas petition on April 29, 2004. Exhibit 9 at 12; Exhibit 63 at p. 2. The AEDPA statute of limitations began to run again and expired 167 days later, on October 14, 2004. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on July 19, 2013. ECF No. 5 at 1, item 5. This Court deems the Petitioner's federal petition to be filed on July 19, 2013. See Houston v. Lack, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). The federal petition was filed untimely on July 19, 2013, more than nine years after the expiration of the AEDPA statute of limitations.

The Court notes that Petitioner's second post-conviction state habeas petition, which was untimely filed on April 17, 2006, did not statutorily toll the AEDPA statute of limitations. Exhibit 50. The state district court denied the second petition as untimely. Exhibit 54. In the order of affirmance filed October 23, 2006, the Nevada Supreme Court affirmed the state district court's denial of the second post-conviction state habeas petition as untimely. Exhibit 63. Because it was untimely under state law, the second post-conviction state habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. at 412–16. Further, the Court notes that Petitioner's second post-conviction state habeas petition was filed after the expiration of the AEDPA statute of limitations. An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). As such, Petitioner is not entitled to statutory tolling during the pendency of his second post-conviction state habeas petition.

In his opposition to the motion to dismiss, Petitioner contends that he is innocent of the crimes of which he was convicted. A federal habeas petitioner may overcome the expiration of the AEDPA statute of limitations by making a showing of "actual innocence," allowing the Court to review the petition on the merits. McQuiggin v. Perkins, 133 S.Ct. 1924, 1928–35 (2013); see also Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011). When an otherwise time-barred habeas petitioner "presents

evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the Court may consider the petition on the merits. See Schlup v. Delo, 513 U.S. 298 (1995). Under Schlup, a petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence [of innocence] – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," Schlup, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. The Schlup standard permits review only in the "extraordinary" case. Id. at 324. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." McQuiggin, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (citing Schlup, 513 U.S. at 329); see also House v. Bell, 547 U.S. 518, 538 (2006) (emphasizing that the Schlup standard is demanding and seldom met). In the instant case, although Petitioner contends that he is innocent, Petitioner has not alleged the existence of any new reliable evidence of innocence, therefore, he cannot pass through the Schlup actual innocence gateway to allow this Court to reach the merits of his petition. Petitioner's broad and conclusory allegations of innocence are insufficient to allow this Court to consider the merits of his time-barred claims.

Finally, the United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona Att. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" Velasquez

v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011) (quoting Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009)). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). In the instant case, Petitioner has failed to make any showing that he pursued his rights diligently and that an extraordinary circumstance prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

### III. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, Petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950–951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies Petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 13) is **GRANTED.**

**IT IS FURTHER ORDERED** that the federal habeas petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

**DATED** this 2nd day of March, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**